In *Mauney* v. *Gidney*, from Cleaveland :

RUFFIN, J.  This is an application to re-hear the case in which the plaintiff's appeal has been dismissed, at this term, upon the ground that the undertaking for the appeal had not been justified.

The judgment appealed from was rendered at a special term of Cleaveland superior court held in January, 1881, and the cause was docketed here on the 19th day of May following.

The petitioner bases his application upon the ground that his appeal was taken before the decision in *Bryson* v. *Lucas,* 85 N. C., 397, where it was for the first time held that an appeal bond, to avail for any purpose, must be justified by the sureties thereto, and inasmuch as the practice had hitherto and almost universally been different, he was unavoidably surprised—there being no question as to the entire solvency of his sureties or of their ability to justify if the same had been required, or such had been understood to be the practice.

In coming to the conclusion we did in the case referred to, the court felt constrained by the peremptory language of the statute, which could not be disregarded without doing violence to a plainly declared intention of the legislature, though we were, at the same time, aware that the profession had in practice given a different interpretation to it, which had long been acquiesced in by the courts.

A practice so general, and thus apparently sanctioned, furnishes an excuse, we think, to the plaintiff for his inadvertence, or negligence, and warrants the equitable interference of the court to prevent its working him an injury. Accordingly we allow his motion, and direct his appeal to be restored to the docket ; though it must be expressly understood that no such indulgence will be shown to appeals

hereafter to be taken, but that the requirements of the statute will be steadily adhered to.

The plaintiff's motion is allowed. The cause will be docketed in this court.

Judgment accordingly.